■ JOSEPH DIOGUARDI, Appellant, v CITY OF NEW ROCHELLE et al., Respondents.

The plaintiff was arrested at his former marital residence after he allegedly violated the terms of an order of protection obtained by his wife. He was held in jail for about three hours before he was released on a desk appearance ticket. The charges against him under Family Court Act article 8 were subsequently dismissed in Family Court. The plaintiff commenced this action against the City of New Rochelle and its police department on the ground that his arrest and imprisonment were unlawful.

We find that the defendants' motion for summary judgment was properly granted. In an action to recover damages for false arrest and imprisonment based on a warrantless arrest, the defendants have the burden of establishing that the plaintiff's confinement was privileged *(see, Broughton v State of New York,* 37 NY2d 451, 456, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). The evidence presented by the defendants was sufficient to establish this defense as a matter of law, and the plaintiff failed to show that there are triable issues of fact which would preclude granting the defendants' motion *(see, Zuckerman v City of New York,* 49 NY2d 557, 562;

*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068).

Under Family Court Act § 168 (1), an order of protection constitutes authority for a police officer to take into custody a person who reasonably appears to have violated the terms of the order *(see, Sorichetti v City of New York,* 65 NY2d 461, 469). The plaintiff's testimony at a municipal hearing and at his deposition established that his wife showed one of the arresting officers a copy of an order of protection which directed the plaintiff to stay away from the marital premises and to refrain from harassing her. In an affidavit, one of the arresting officers stated that the wife complained that the plaintiff was harassing her by banging on the window and yelling. Although the order of protection had been amended about two weeks prior to the incident to permit the plaintiff to pick up his children at the marital residence, the plaintiff acknowledged that he did not have a copy of the amended order to show to the arresting officers. In any event, the amended order also contained a provision which directed the plaintiff to refrain from harassing his wife. We find as a matter of law that the police acted properly in taking the plaintiff into custody on the basis of the order of protection and the wife's complaint. In addition, the plaintiff failed to establish the existence of triable issues of fact with respect to the alleged delay in his arraignment. Finally, the evidence presented by the defendants was sufficient to defeat the cause of action to recover damages for malicious prosecution asserted against them *(see, Broughton v State of New York, supra).* Thompson, J. P., Sullivan, Harwood and O'Brien, JJ., concur.