■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT REMENTERIA, Appellant. [665 NYS2d 525] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 4, 1994, convicting him of kidnapping in the second degree and attempted assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The suppression court properly concluded that the hospital room showup was not improper or unduly suggestive under the circumstances *(see, e.g., People v Conyers,* 176 AD2d 340; *People v West,* 159 AD2d 378; *People v Thompson,* 129 AD2d 655, 656-657). Showup procedures which are close in time and location to the scene are permissible in the interest of prompt identification *(see, People v Gonzalez,* 210 AD2d 168; *People v Drake,* 141 AD2d 560, 561; *People v Whitney,* 149 AD2d 748).

Contrary to the defendant's contention, the trial court properly denied the defendant's request for further disclosure of a report prepared by the New York City Police Department's Office of Internal Affairs concerning their investigation of the complainant, as the defendant sought disclosure of the full report simply for the purpose of gaining information to impeach the general credibility of the complainant *(see, People v Gissendanner,* 48 NY2d 543, 548).

The defendant was not deprived of the effective assistance of trial counsel *(see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Ellis,* 81 NY2d 854).

Finally, the defendant's claim that his sentence was excessive is without merit *(see, People v Suitte,* 90 AD2d 80). Miller, J. P., Pizzuto, Altman and Goldstein, JJ., concur.