■ Renee Kubik et al., Respondents, v New York State Department of Social Services et al., Defendants, and Frank Martin et al., Appellants. [664 NYS2d 365] —Mikoll, J. Appeal from an order of the Supreme Court (Connor, J.), entered February 6, 1997 in Columbia County, which, *inter alia*, denied a motion by defendants Frank Martin and Town of Stockport for summary judgment dismissing the complaint and cross claims against them.

In the afternoon on Friday, February 15, 1991, Jennifer Collins (hereinafter Jennifer) had an argument with her mother, plaintiff Renee Kubik (hereinafter Kubik), following which, Jennifer, then about 7½ months pregnant, left their family residence in the Town of Stockport, Columbia County. The departure was either directed by Kubik or mutually consensual with Kubik's permission granted during the argument. In any event, Jennifer left and went to a friend's house from where she telephoned defendant Frank Martin, a Town of Stockport police officer and an employee of the Columbia County Department of Social Services (hereinafter the County DSS), seeking his assistance.

Martin received the call from Jennifer at about 5:00 P.M. as he was getting ready to go to work as a police officer. Jennifer told Martin that she had been thrown out of her home. Martin then contacted the County DSS and informed the representative assigned to after hours' duty, Helen Pinkowski, that they needed a place for Jennifer. The representative then contacted Jennifer and placed her in the St. Charles Hotel. The represen-

tative also arranged for the purchase of a small amount of food for Jennifer.

However, neither Martin, the representative nor any other person from the County DSS telephoned Kubik concerning her daughter's whereabouts that night. Martin also met with Jennifer at the hotel to discuss the situation as did the representative. Jennifer stayed at the hotel that weekend. The County DSS paid the hotel bill and Martin, as the resource director with the County DSS, sent letters to Kubik seeking reimbursement; the County DSS ultimately obtained a judgment for the hotel bill and food after a trial in small claims court. Kubik participated in the trial, *pro se,* and received notice of both the court's decision and the judgment.

Another incident occurred in April 1991 after Kubik telephoned Martin inquiring about the whereabouts of Jennifer, who had just been furnished with services by the County DSS. Kubik was advised by Martin to contact Wendy Warfield, a social worker, for the information she wanted. Kubik apparently attempted to do so. Subsequently, Martin signed an affidavit concerning a subsequent telephone conversation with Kubik on May 1, 1991. Martin's affidavit and three other affidavits, as well as an information made by Warfield, were used to seek the arrest of Kubik for harassment. Kubik was thereafter arrested on the charge.

Plaintiffs thereafter commenced the instant action in 1993. The complaint alleged, *inter alia,* that Martin's activities in placing Jennifer in the St. Charles Hotel on February 15, 1991, his subsequent report to defendant State Department of Social Services (hereinafter the State DSS) relating to possible abuse or neglect concerning the incident, his testimony in the small claims proceeding concerning the circumstances of February 15, 1991 and his actions involving the May 1, 1991 affidavit intentionally violated Kubik's constitutional rights. The action against the Town was based on its role as Martin's employer.

Following joinder of issue and discovery of certain documents, Martin and the Town (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint and all cross claims against them, arguing that there were no issues of material fact concerning liability. Plaintiffs cross-moved for dismissal of four affirmative defenses. Supreme Court held that the complaint stated a cause of action for violation of Kubik's civil rights pursuant to 42 USC § 1983 and denied defendants' motion as well as plaintiffs' cross motion. Defendants appeal.

Defendants' contention that Martin's activities on the eve-

ning of February 15, 1991 were not in violation of Kubik's constitutional rights and that Martin was entitled to a qualified immunity for such actions has merit. The record establishes that Jennifer left Kubick's home due to either Kubik's words and threats or Kubik's consent uttered during their argument. Kubik admitted that the argument occurred and that she told Jennifer to leave. It was a cold winter's night in February when the then-7½-months-pregnant teenager sought Martin's assistance, informing him that her mother had kicked her out of the house and that she had no place to go. Martin, acquainted with Kubik's stubbornness, contacted a representative of the County DSS and had her contact Jennifer. The representative spoke with the teenager about her situation and made a determination to provide shelter for her at a local hotel. The representative advised Martin of the arrangements and he relayed the information to Jennifer, met her at the hotel and discussed her home situation.

Jennifer was homeless for the night either at Kubik's direction or with Kubik's consent. Under these circumstances it cannot be said that Martin deprived Kubik of any parental right in regard to Jennifer. Kubik had already voluntarily surrendered that right by her own words and action or inaction. Martin acted in an objectively reasonable manner in these circumstances and no rational jury could conclude otherwise. Consequently, defendants were entitled to the defense of qualified immunity (see, Van Emrik v Chemung County Dept. of Social Servs., 911 F2d 863, 866). As Kubik had at least consented to Jennifer's departure from her home, there was no removal of the teen from her home and no interference in Kubik's parental rights on February 15, 1991 (see, La Belle v County of St. Lawrence, 85 AD2d 759, 760). Supreme Court should have dismissed the complaint against defendants insofar as it alleged that defendants violated plaintiffs' constitutional rights on the night of February 15, 1991 and the ensuing weekend.

Defendants' argument that Martin's actions at the small claims trial seeking reimbursement of the hotel and food bills from Kubik for Jennifer's weekend stay at the St. Charles Hotel did not violate Kubik's rights of due process is well founded. The record indicates that Martin's participation at the trial was as a witness called by the County DSS. He testified on direct examination and was cross-examined by Kubik. There was no evidence developed at the trial that Martin committed perjury in his testimony or that he suppressed any evidence. There is no indication that Jennifer made any statement that

was withheld nor that Kubik ever requested such a statement. Jennifer testified and was subject to cross-examination at the small claims trial. Kubik fully participated in the trial (*see, Matter of Siddiqui v New York State Dept. of Health*, 228 AD2d 735, *lv denied* 89 NY2d 804). The issue of Kubik's liability was fully litigated and City Court submitted a written decision following the trial. Supreme Court should have dismissed the complaint as to plaintiffs' claims concerning the small claims collection action.

Defendants' claim that Martin's actions in filing a report with the State DSS alleging child abuse did not deprive Kubik of liberty without due process of law (as plaintiffs alleged in their third cause of action) is persuasive. Plaintiffs, in identifying the factual basis of the claim, alleged that the report caused the removal of Jennifer without a hearing. However, the record clearly established that Jennifer was back in Kubik's home when "the report of suspected child abuse or maltreatment" was made on February 19, 1991. There could be no deprivation of liberty resulting from the filing of the report since Jennifer's stay away from home ended prior to the making and filing of the report on February 19, 1991.

In any event, there could be no bad faith on Martin's part in making the report as the record demonstrates that Martin had a substantial factual basis for his suspicion of maltreatment and for his written statement. Good faith is presumed by law (*see,* Social Services Law § 419). Accordingly, plaintiffs' allegations of bad faith and deprivation of constitutional rights were insufficient to defeat a motion for summary judgment (*see, Contemporary Mission v United States Postal Serv.*, 648 F2d 97, 107; *see also, Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916).

Plaintiffs' allegations that Martin lacked good-faith reasonable cause to "suspect" maltreatment of Jennifer are based on mere surmise and speculation and without evidentiary support in the record. Consequently, Supreme Court erred in failing to dismiss against defendants the claims concerning the report of maltreatment filed with the State DSS.

Defendants contend that Martin's affidavit, submitted in support of the harassment charge brought by Warfield against Kubik allegedly causing Kubik's arrest, was entitled to a qualified immunity, and thus Supreme Court should have dismissed plaintiffs' civil rights claims involving the May 1, 1991 affidavit of Martin. We agree. The May 1, 1991 affidavit of Martin did not constitute an actionable act and could not reasonably have been expected to have played a role in a criminal prosecution

without evidence of a crime. A claim for conspiracy to violate civil rights requires a detailed fact pleading not present here (*see, Angola v Civiletti*, 666 F2d 1, 4). A complaint containing only conclusory, vague and general allegations of a conspiracy to deprive a person of constitutional rights cannot withstand a dismissal motion (*see, Sommer v Dixon*, 709 F2d 173, 175, *cert denied* 464 US 857). This situation pertains here. Thus, Supreme Court erred in not dismissing the complaint against defendants involving plaintiffs' civil rights claims concerning the May 1, 1991 affidavit.

As Martin is a police officer, his affidavit is entitled to a qualified immunity (*see, Hunter v Bryant*, 502 US 224, 227). Moreover, Martin's affidavit was objectively reasonable, in and of itself, and did not create any unnecessary danger of an unlawful arrest (*see, Malley v Briggs*, 475 US 335, 345). Additionally, Martin's affidavit made no pretense of alleging that Kubik committed a crime and could not objectively, by itself, cause an arrest.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants Frank Martin and Town of Stockport; motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.