SECOND DEPARTMENT, AUGUST, 1998

(August 3, 1998)

■ MILAGROS ALCAMO, Individually and as Administrator of the Estate of JOSEPH ALCAMO, Deceased, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. (And Another Title.) [676 NYS2d 230] —In an action to recover damages for wrongful death and personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated April 16, 1997, as denied those branches of her motion which were to depose Detectives Bowden and Conkling and for the disclosure of records of the Internal Affairs Division of the New York City Police Department, and granted those branches of the cross motion of the defendant City of New York which were for a protective order with respect thereto.

Ordered that the order is modified by (1) deleting therefrom the provision denying that branch of the plaintiff's motion which was to depose Detective Bowden and substituting therefor a provision granting that branch of the motion, and (2) by deleting therefrom the provision granting that branch of the cross motion which was for a protective order with respect

to Detective Bowden and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff; and it is further,

Ordered that the deposition shall be conducted at a time and place to be set in a written notice of at least 10 days, to be served by the plaintiff upon the defendant City of New York, or at such time and place as the parties may agree.

In order to show that additional depositions are necessary, the moving party must show (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case (*see, Zollner v City of New York,* 204 AD2d 626, 627). The plaintiff has shown that Detective Bowden performed the tests and computations necessary in arriving at the estimated minimum rate of speed of the police vehicle just prior to the accident involved in this case, and that the deposition testimony of Police Officer Albert Belcher was insufficient in that respect. The plaintiff should have been allowed to depose Detective Bowden. However, there has been no showing of the necessity for taking the deposition of Detective Conkling.

Furthermore, the plaintiff has failed to offer, "in good faith, some factual predicate" for obtaining access to any alleged records of the Internal Affairs Division of the New York City Police Department relating to this accident (*People v Gissendanner,* 48 NY2d 543, 550; *see,* Civil Rights Law § 50-a [2]; *Zarn v City of New York,* 198 AD2d 220; *Becker v City of New York,* 162 AD2d 488). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.