OPINION OF THE COURT
Matthew J. D’Emic, J.
Defendant, indicted for attempted murder for shooting his girlfriend, a New York City police officer, sought and was is *668 sued a court-ordered subpoena for her personnel records pursuant to CPL 610.20 and CPLR 2307.
The Police Department moves to quash the subpoena under Civil Rights Law § 50-a (1). That section provides, in relevant part, that police “personnel records * * * shall be considered confidential and not subject to inspection or review” without a court order. Such an order must rest on facts rendering production of the records relevant to the case and supportive of a defense.
In the case at bar, defendant states it was complainant’s gun that was involved in the incident and that her gun has been fired on prior occasions under similar circumstances. Defendant contends that the prior incidents will assist in his defense and either exculpate him or mitigate criminal responsibility. For these reasons, he seeks information regarding the alleged prior incidents from complainant’s police personnel records.
In deciding whether to quash the subpoena, the court must balance “the tension between the constitutionally based rights of an accused to confront and cross-examine adverse witnesses on the one hand, and the interest of the State and its agents in maintaining confidential data relating to performance and discipline of police on the other” (People v Gissendanner, 48 NY2d 543, 547-548).
In this case, the defendant presents a good-faith argument that relevant material exists in the personnel file (Alcamo v City of New York, 253 AD2d 408), and he is not seeking the material solely for general impeachment purposes but argues specifics (People v Rementeria, 243 AD2d 736). The fact that the police officer whose records were subpoenaed is the complainant lends, weight to the possibility that the file may establish “the unreliability of either the criminal charge or the witness upon whose testimony it depends” (People v Shakur, 169 Misc 2d 961).
For these reasons, the motion to quash is denied. The subpoena is not simply a vain attempt by a desperate defendant to raise doubt through pointless obfuscation, but seeks evidence in support of a colorable defense. Production of the complainant’s personnel records is conditioned, however, on delivery to the court for in camera inspection to determine if, in actuality, it contains relevant material.