◼ RENEE KUBIK et al., Respondents, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Defendants, and JAMES ANDREWS et al., Appellants. [719 NYS2d 130] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Connor, J.), entered November 16, 1999 in Columbia County, which partially denied a cross motion by certain defendants for summary judgment dismissing the complaint against them.

In April 1991, Jennifer Collins, the 17-year-old daughter of plaintiff Renee Kubik (hereinafter plaintiff) and mother of an infant son, filed an application for public assistance benefits with defendant Columbia County Department of Social Services (hereinafter County DSS). The case was assigned to defendant Wendy Warfield (hereinafter Warfield) who had knowl-

edge of a prior incident in February 1991 in which plaintiff allegedly ordered Collins out of her home. Although Warfield scheduled a meeting with Collins and plaintiff for April 30, 1991, plaintiff did not attend. According to Warfield, in a telephone conversation prior to the meeting, plaintiff indicated that she wanted Collins out of her home and was not concerned about what happened to her. After the meeting, County DSS had Collins stay at a hotel and allegedly instructed her to advise plaintiff that she would not be returning home. According to plaintiff, she did not know that Collins was not returning to her residence and attempted to ascertain Collins' whereabouts by contacting Warfield at her home. After obtaining Warfield's unlisted home telephone number, plaintiff called that residence two times after 11:00 P.M. and spoke with Warfield's husband, defendant Dean Warfield. During the conversations, plaintiff allegedly used foul and vulgar language and threatened to harm the Warfield children.

On the following day, Warfield filed a criminal complaint against plaintiff for aggravated harassment under Penal Law § 240.30 (1). As a result, plaintiff was arrested without a warrant, arraigned and released on her own recognizance subject to a protective order. In April 1992, the charge was disposed of by way of an adjournment in contemplation of dismissal.

Thereafter, plaintiff and her husband commenced this action against Warfield, Warfield's husband, Columbia County, the County DSS, the Columbia County Sheriff and certain police officers (hereinafter collectively referred to as defendants)* alleging, *inter alia*, violations of the State and Federal Constitutions arising from the alleged filing of a false report and ensuing prosecution of plaintiff. Following joinder of issue, plaintiffs moved, *inter alia*, to strike defendants' answer and defendants cross-moved for summary judgment dismissing the complaint against them. Supreme Court, *inter alia*, partially granted defendants' cross motion and dismissed the majority of claims alleged in the complaint. The court did not dismiss the ninth and tenth causes of action to the extent they pleaded intentional torts by the Warfields or the eleventh and twelfth causes of action to the extent they pleaded claims under 42 USC § 1983 against the Sheriff and the named police officers. On appeal, defendants contend that plaintiffs' ninth and tenth causes of action should have been dismissed because they are barred

---

* Plaintiffs also named the State Department of Social Services, the Town of Stockport and James Martin, a Town of Stockport police officer, as defendants in the action. All claims against them were previously dismissed and, therefore, they are not parties to this appeal.

by the one-year Statute of Limitations applicable to intentional torts (*see*, CPLR 215 [3]). Plaintiffs, on the other hand, assert that said causes of action allege claims under 42 USC § 1983 which are not time barred because they are governed by a three-year Statute of Limitations (*see*, CPLR 214 [5]).

Initially, we note that Supreme Court dismissed as time barred those aspects of the ninth and tenth causes of action alleging malicious prosecution, the only intentional tort that we perceive is alleged in the relevant paragraphs of the complaint. While we agree with plaintiffs that a three-year Statute of Limitations is applicable to causes of action under 42 USC § 1983 (*see*, *Matter of Beers v Incorporated Vil. of Floral Park*, 262 AD2d 315, 316; *Lopez v Shaughnessy*, 260 AD2d 551, 552), we nevertheless conclude that the complete dismissal of the ninth and tenth causes of action is appropriate under the particular circumstances presented herein. A perusal of the ninth and tenth causes of action discloses that such claims are predicated upon allegations that the Warfields engaged in a conspiracy by filing a false report concerning plaintiff which led to her arrest and prosecution in violation of her constitutional rights. As we noted in *Kubik v New York State Dept. of Social Servs.* (244 AD2d 606), "[a] claim for conspiracy to violate civil rights requires a detailed fact pleading * * * [and] [a] complaint containing only * * * general allegations of a conspiracy to deprive a person of constitutional rights cannot withstand a dismissal motion" (*id.*, at 610). Inasmuch as plaintiffs have failed to substantiate their ninth and tenth causes of action with detailed factual information concerning the alleged conspiracy, summary judgment dismissing the ninth and tenth causes of action in their entirety should have been granted.

Turning to plaintiffs' eleventh and twelfth causes of action, defendants argue that these claims should have been dismissed because there was probable cause for plaintiff's arrest and the police officers responsible for the arrest are entitled to qualified immunity from suit. We note that "[an] essential element of a 42 U.S.C. § 1983 claim alleging deprivation of constitutional rights under color of law is that probable cause did not exist at the time the claimant was subjected to the unconstitutional deprivation" (*Sutkiewicz v Monroe County Sheriff*, 110 F3d 352, 357). "Probable cause requires * * * merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed [citations omitted]" (*People v McRay*, 51 NY2d 594, 602).

In support of their cross motion for summary judgment, defendants only provided the affidavit of their attorney who included certain documentation executed in connection with the arrest consisting of, *inter alia*, Warfield's criminal complaint, Dean Warfield's written statement, the statements of two police officers who spoke with plaintiff regarding the incident and the statement of the individual from whom plaintiff obtained Warfield's unlisted telephone number. In opposition to the cross motion, plaintiffs submitted plaintiff's own affidavit in which she averred that she did not obtain Warfield's number through misrepresentation, contacted Warfield's residence out of concern for the whereabouts of her daughter and did not use obscene or vulgar language or threaten to harm the Warfield children. In addition, plaintiffs submitted the affidavit of Collins who stated that Warfield told her she was going to have plaintiff arrested and was going to tell the police that plaintiff had threatened her children even though she knew it was not true. Under the particular circumstances presented, the submissions were sufficient to raise a question of fact as to whether the police acted with probable cause in arresting plaintiff and whether they are entitled to qualified immunity thereby precluding the grant of summary judgment dismissing plaintiffs' eleventh and twelfth causes of action (*see, Masters v Hartman*, 148 AD2d 683; *cf., Zientek v State of New York*, 222 AD2d 1041, 1042, *appeal dismissed* 87 NY2d 1054, *cert denied* 519 US 862). Consequently, we decline to disturb Supreme Court's ruling in that regard.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied the cross motion for summary judgment with respect to the ninth and tenth causes of action; cross motion granted to that extent and said causes of action are dismissed; and, as so modified, affirmed.