■ EUGENE STEIN et al., Appellants, v CITY OF NEW YORK, Respondent. [785 NYS2d 114]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated March 12, 2004, which denied their motion, in effect, to compel the defendant to produce an additional witness for a deposition or to strike the defendant's answer for failure to comply with disclosure demands.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was to compel the defendant to produce an additional witness for a deposition and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs; and it is further,

Ordered that the examination of the additional witness shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by the plaintiffs, or at such time and place as the parties may agree.

In response to a court order directing the depositions of the parties, the defendant, the City of New York, initially produced a record searcher employed by the City of New York Department of Transportation (hereinafter the DOT) who testified at an examination before trial that the DOT granted the City of New York Department of Environmental Protection (hereinafter the DEP) a permit to open the street at or near where the accident occurred. In response to that testimony, the plaintiffs demanded that the defendant produce, inter alia, a witness from the DEP who could testify as to the work performed pursuant to the permit. By order dated May 11, 2003, the Supreme Court directed the defendant, inter alia, to produce a witness from the DEP.

As its witness from the DEP, the defendant produced the Chief of Record Retention and Correspondence Management at the DEP who testified that he had no knowledge of the permit issued to the DEP and had "no idea" what a street opening permit was.

The plaintiffs satisfied the two requirements for the production of additional witnesses: they demonstrated that the witness from the DEP had insufficient knowledge and that there was a substantial likelihood that another witness would possess material and necessary information (*see Ramkissoon v Board of Educ. of City of N.Y.,* 227 AD2d 461 [1996]; *Zollner v City of New York,* 204 AD2d 626 [1994]; *cf. Pomilio-Young v City of New York,* 7 AD3d 600 [2004]). The DEP should be able to provide an explanation of what its permit was for and the nature and extent of any work performed pursuant to the permit.

At this juncture, the defendant's conduct does not warrant the striking of its answer (*see Espinal v City of New York,* 264 AD2d 806 [1999]). Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.