■ LONG ISLAND SOUND, LLC, Appellant-Respondent, v O'BRIEN & GERE ENGINEERS, INC., Respondent-Appellant. [811 NYS2d 722]—

In an action to recover damages for negligence and breach of contract, the plaintiff appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Nassau County (Davis, J.), entered August 6, 2004, as, upon granting that branch of the defendant's motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing its negligence cause of action, is in favor of it and against the defendant in the principal sum of only $1,000 on the breach of contract cause of action, and the defendant cross-appeals from so much of the same judgment as, upon the denial of that branch of its motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the breach of contract cause of action, and upon awarding the plaintiff judgment as a matter of law on that cause of action, is in favor of the plaintiff and against it in the principal sum of $1,000 on that cause of action.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff retained the defendant to perform an environmental inspection of certain property. The plaintiff commenced the instant action to recover damages for negligence and breach of contract based on the defendant's failure to discover the presence of a class V injection well during the inspection. Prior to the trial, the defendant moved, inter alia, to dismiss the negligence cause of action on the ground that the plaintiff failed to allege the breach of a legal duty independent from the defendant's duty to perform under the contract. In an order dated May 2, 2003, the Supreme Court denied the motion. After

the close of the evidence at trial, the court granted that branch of the defendant's motion which was for judgment as a matter of law dismissing the negligence cause of action, and awarded judgment as a matter of law in favor of the plaintiff on the breach of contract cause of action.

On appeal, the plaintiff contends that the Supreme Court erred in dismissing the negligence cause of action because the prior order denying the defendant's motion, inter alia, to dismiss the negligence cause of action constituted the law of the case. However, the doctrine of law of the case does not bind appellate courts (see *Latture v Smith,* 304 AD2d 534 [2003]). The negligence cause of action was properly dismissed because the plaintiff failed to allege that the defendant breached a duty of care independent of its contractual obligation (see *Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.,* 14 AD3d 678, 680 [2005]).

Furthermore, the Supreme Court properly awarded judgment as a matter of law to the plaintiff on the breach of contract cause of action since, viewing the evidence in the light most favorable to the defendant, accepting all of its evidence as true, and resolving all credibility issues and inferences in its favor, the jury could not have found in its favor by any rational process (see CPLR 4401; *Szczerbiak v Pilat,* 90 NY2d 553 [1997]).

The parties' remaining contentions are without merit. Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.