■ GREG RAKIDJIAN, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [814 NYS2d 248]—

In an action to recover damages for false arrest and imprisonment, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Oliver, J.), dated August 16, 2004, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered October 27, 2004, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion

is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In an action to recover damages for false arrest based on a warrantless arrest, the defendant has the burden of proving legal justification as an affirmative defense (*see Broughton v State of New York,* 37 NY2d 451, 458 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]; *Dioguardi v City of New Rochelle,* 179 AD2d 798 [1992]). "Probable cause is a complete defense to an action alleging false arrest or false imprisonment" (*Carlton v Nassau County Police Dept.,* 306 AD2d 365, 366 [2003]; *see Martinez v City of Schenectady,* 97 NY2d 78, 85 [2001]; *Lui Yi v City of New York,* 227 AD2d 453 [1996]).

Here, the defendants failed to meet their initial burden of demonstrating entitlement to summary judgment based on the existence of probable cause for the plaintiff's arrest. The defendants failed to establish that the plaintiff's plea of guilty to the unrelated charge of harassment was also in satisfaction of the criminal contempt charge, which was the offense arising out of the challenged arrest. Therefore, on this record, the plaintiff's plea of guilty to harassment did not conclusively establish probable cause for his arrest (*cf. Bennett v New York City Hous. Auth.,* 245 AD2d 254 [1997]; *Broughton v State of New York, supra*).

Furthermore, the evidence submitted in support of the motion, which included an unsigned arrest report and inadmissible hearsay statements attributed to the plaintiff's former wife, failed to establish that the arresting officers reasonably concluded that the plaintiff, who was merely standing approximately 200 to 350 feet away from his former wife and the marital residence, had violated the stay-away provision of the order of protection (*cf. Dioguardi v City of New Rochelle,* 179 AD2d 798, 799 [1992]; *see also Carlton v Nassau County Police Dept.,* 306 AD2d 365, 366 [2003]).

The defendants' remaining contention, raised for the first time on appeal, is not preserved for appellate review (*see* CPLR 5501). Florio, J.P., Fisher, Lunn and Covello, JJ., concur.