■ STEPHEN J. GAGLIANO, Appellant, v COUNTY OF NASSAU et al., Respondents. [817 NYS2d 651]—

In an action to recover damages for use of excessive force, false arrest, and malicious prosecution under 42 USC § 1983, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), entered February 6, 2004, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's evidence, dismissed the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the first cause of action to recover damages for false arrest; as so modified, the judgment is affirmed, without costs or disbursements, the first cause of action to recover damages for false arrest is reinstated, that branch of the motion pursuant to CPLR 4401 which was for

judgment as a matter of law with respect to that cause of action is denied, the first cause of action is severed, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on that cause of action.

The Supreme Court properly dismissed the plaintiff's second and third causes of action to recover damages for use of excessive force and malicious prosecution. In light of the circumstances of this case, including the absence of proof of injury, the police did not use excessive force in restraining the plaintiff, and the plaintiff failed to present any evidence otherwise (*see Knight v Caldwell*, 970 F2d 1430, 1432 [5th Cir 1992], *cert denied sub nom. Knight v Walker*, 507 US 926 [1993]; *Higgins v City of Oneonta*, 208 AD2d 1067, 1070-1071 [1994]).

To establish a cause of action to recover damages for malicious prosecution a plaintiff must show "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice" (*Colon v City of New York*, 60 NY2d 78, 82 [1983]). The judicial determination made after a probable cause hearing in the underlying criminal proceeding that the police had probable cause to arrest the plaintiff bars his cause of action to recover damages for malicious prosecution (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 501-504 [1984]; *Town of Janendo v New Paltz Police Dept.*, 211 AD2d 894 [1995]; *Hugar v Nigro*, 207 AD2d 954 [1994]).

However, the Supreme Court erred in dismissing the plaintiff's first cause of action to recover damages for false arrest. In an action to recover damages for false arrest based on a warrantless arrest, the defendant has the burden of proving legal justification or probable cause as an affirmative defense (*see Broughton v State of New York*, 37 NY2d 451, 458 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *Dioguardi v City of New Rochelle*, 179 AD2d 798 [1992]). In this case, it is uncontroverted that the plaintiff was arrested without a warrant. Additionally, contrary to the defendants' contention, there is no so-called "prima facie rule" or presumption of probable cause arising from "[a]fter the fact judicial participation" (*Broughton v State of New York, supra* at 456, 458), such as the *Mapp* hearing (*see Mapp v Ohio*, 367 US 643 [1961]), held in the plaintiff's underlying criminal case, in a false arrest cause of action. Furthermore, viewing the evidence in the light most favorable to the plaintiff, accepting all of his evidence as true, and resolving all credibility issues and inferences in his favor, it cannot be said that there was no rational process by which the trier of fact could have found for the plaintiff (*see* CPLR 4401; *Long Is. Sound, LLC v O'Brien & Gere Engrs., Inc.*, 25 AD3d

668 [2006]). Consequently, the Supreme Court erred in dismissing, at the close of the plaintiff's case, the first cause of action to recover damages for false arrest. Prudenti, P.J., Florio, Fisher and Lunn, JJ., concur.