■ HARRY RUDDY et al., Plaintiffs, v LEXINGTON INSURANCE COMPANY et al., Defendants, and TREIBER GROUP, Defendant and Third-Party Plaintiff-Respondent. AFG PARTNERS, Third-Party Defendant-Appellant. [835 NYS2d 440]—

In an action, inter alia, to recover damages for breach of

contract, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated April 27, 2005, as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1996 the plaintiffs, through their retail insurance broker Treiber Group, LLC, sued herein as Treiber Group (hereinafter Treiber), procured a homeowners' insurance policy covering their house and other structures on their property. The policy was issued by the defendant Lexington Insurance Company (hereinafter Lexington), through its agent, the third-party defendant, AFG Partners (hereinafter AFG), a wholesale insurance broker. The coverage limits of the original policy were $364,000 for the dwelling and $36,400 for the "other structures," namely a three-car garage which also contained guest quarters. In 1997, after an inspection of the plaintiffs' property, the policy was renewed and the coverage limits were increased to $384,000 for the dwelling and $68,300 for the garage. Following a subsequent renewal of the policy in 1999, AFG issued a declaration page reflecting the same coverage limit ($384,000) for the dwelling, but a limit of only $38,400 for the garage. Neither the plaintiffs nor any employee of Treiber noticed the change in the coverage limit.

In April 2001 a fire broke out in the plaintiffs' garage, completely destroying it. Lexington paid the plaintiffs the sum of $38,400, the full amount of the coverage provided on the declaration page of the homeowners' policy, which allegedly was insufficient to cover the loss they sustained.

As a result, the plaintiffs commenced an action against, inter alia, Treiber and Lexington. Treiber commenced a third-party action against AFG, seeking indemnification and contribution. After discovery, all of the parties to the main action moved for summary judgment, and AFG cross-moved for summary judgment dismissing the third-party complaint. The Supreme Court, inter alia, denied AFG's cross motion, and AFG appeals.

Contrary to AFG's contention, a right of apportionment may arise even if the contributing party owed no duty directly to the injured party. The breach of a duty running from the contributor to the defendant who has been held liable can trigger a right to contribution (*see Raquet v Braun*, 90 NY2d 177, 182 [1997]; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603 [1988]; *Garrett v Holiday Inns*, 58 NY2d 253 [1983]). In this case, AFG failed to establish as a matter of law

that it owed no duty to Treiber. Indeed, there are triable issues of fact as to whether Treiber's request that AFG renew the policy in June 1999 implicitly included a request that the policy be renewed upon the same terms as it contained previously, including a coverage limit of $68,300 for the "other structures," whether AFG, by accepting premiums from Treiber, agreed to renew the policy under such terms, and if so, whether AFG breached that duty by unjustifiably causing the coverage limit to be decreased from $68,300 to $38,400.

Thus, AFG failed to establish its prima facie entitlement to judgment as a matter of law by "tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied AFG's cross motion for summary judgment dismissing the third-party complaint. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.