■ ANTHONY WILLIAMS, Appellant, v CITY OF NEW YORK et al., Respondents. [835 NYS2d 717]—

In an action, inter alia, to recover damages for false arrest, false imprisonment, and malicious prosecution, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Partnow, J.), dated October 7, 2005, which denied his motion to compel the deposition of the defendant Angel Lugo and to

extend his time to file a note of issue, granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it, and, in effect, upon searching the record, granted summary judgment dismissing the complaint against the remaining defendants, and (2) a judgment of the same court entered January 31, 2006, which, upon so much of the order as granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it, is in favor of the defendant City of New York and against him dismissing the complaint insofar as asserted against it.

Ordered that the appeal from so much of the order as granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it is denied as premature, the complaint is reinstated, and so much of the order as granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it is modified accordingly; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the plaintiff's motion to compel the deposition of the defendant Angel Lugo and to extend his time to file a note of issue is granted; and it is further,

Ordered that the deposition of Angel Lugo shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by the plaintiff, or at such time and place as the parties may agree, and the plaintiff's time to file a note of issue is extended until 30 days after the completion of the deposition; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from so much of the order as granted the cross motion of the defendant City of New York must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that part of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff was arrested for his alleged participation in a narcotics sale on June 22, 2000. He was indicted by a grand jury on charges stemming from this incident, but the charges against

him were dismissed on February 26, 2001. The plaintiff thereafter commenced this action against the defendants City of New York, Detective Andrew Green, Detective Angel Lugo, and other unnamed police officers, setting forth, inter alia, causes of action alleging false arrest, false imprisonment, and malicious prosecution.

At his deposition, Detective Green identified Detective Lugo as a witness to the identification of the plaintiff as a participant in the narcotics sale. Green also stated that he personally did not see the plaintiff's apprehension, identification, or arrest.

The plaintiff then moved, inter alia, to compel the deposition of Lugo. The City cross-moved for summary judgment dismissing the complaint insofar as asserted against it, on the ground that the plaintiff's indictment created a presumption of probable cause for the police to arrest and detain him. The Supreme Court denied the plaintiff's motion, granted the cross motion for summary judgment, and, in effect, upon searching the record, di missed the complaint against all of the defendants. We reverse.

The City established its entitlement to summary judgment dismissing the plaintiff's cause of action alleging malicious prosecution by submitting evidence that the plaintiff was indicted by a grand jury, thus creating a presumption of probable cause (*see Strange v County of Westchester*, 29 AD3d 676, 677 [2006]). This presumption may be rebutted by evidence establishing "that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (*Colon v City of New York*, 60 NY2d 78, 83 [1983]; *see also O'Donnell v County of Nassau*, 7 AD3d 590, 591 [2004]). In light of the fact that the plaintiff had not had the opportunity to depose Lugo, however, evidence necessary to rebut the presumption and effectively oppose the City's cross motion remains exclusively in the City's possession (*see Levy v Board of Educ. of City of Yonkers*, 232 AD2d 377, 378 [1996]).

In order to establish that an additional deposition is necessary, "the moving party must show (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case" (*Zollner v City of New York*, 204 AD2d 626, 627 [1994]). Green was not present when the plaintiff was identified and arrested and did not have knowledge of the facts surrounding his identification. Nor did the documentary evidence produced by the defendants provide a complete narrative of the circumstances of the

plaintiff's identification and arrest. Green expressly identified Lugo as a witness. Under the circumstances, the plaintiff should be allowed to depose Lugo (*see Stein v City of New York*, 12 AD3d 587, 588 [2004]; *Alcamo v City of New York*, 253 AD2d 408, 409 [1998]). Accordingly, the Supreme Court should have denied that branch of the City's cross motion which was for summary judgment dismissing the malicious prosecution cause of action as premature (*see* CPLR 3212 [f]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 638 [2006]).

Contrary to the City's contention, the rule that an indictment creates a presumption of probable cause to believe that a person committed a crime applies only in the context of "causes of action for malicious prosecution and is totally misplaced when applied in false imprisonment actions" (*Broughton v State of New York*, 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *see Gagliano v County of Nassau*, 31 AD3d 375, 376 [2006]). Since the City came forward with no other evidence in support of its claim that the false arrest and imprisonment cause of action should be dismissed, it failed to establish that it was entitled to summary judgment on that cause of action as a matter of law (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Gantt v County of Nassau*, 234 AD2d 338, 339 [1996]).

Further, because the City did not address the remaining causes of action asserted in the complaint, it failed to establish its entitlement to summary judgment on those causes of action as well (*see* CPLR 3212 [b]; *Zuckerman v City of New York, supra*).

In any event, even if the City had met its prima facie burden on those branches of its cross motion which were for summary judgment dismissing the false arrest and imprisonment and other causes of action, those branches were premature (*see* CPLR 3212 [f]; *Juseinoski v New York Hosp. Med. Ctr. of Queens, supra*). Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.