■ MICHAEL D. DIEDERICH, JR., Respondent-Appellant, v NYACK HOSPITAL et al., Respondents, and TYRONE McNEILL et al., Appellants-Respondents, et al., Defendants. [854 NYS2d 411]—

In December 1999 the plaintiff, an attorney, was arrested at the defendant Nyack Hospital after he allegedly pushed the defendant Tyrone McNeill, an Orangetown police officer, away from his secretary/process server. Although a Village Justice determined that there was probable cause for the plaintiff's arrest, he dismissed the criminal charges "in the interests of justice." Thereafter, the plaintiff commenced this action, inter alia, to recover damages for false arrest and malicious prosecution. After joinder of issue and the completion of discovery, McNeill and the defendants Orangetown Police Department and the Town of Orangetown (hereinafter collectively the Orangetown defendants) moved, and the defendants Nyack Hospital, Gregor Anderson, Carol Zongrone, Nancy Collins, and Jerry Zisa (hereinafter collectively the Hospital defendants) separately moved, for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court properly denied that branch of the

Orangetown defendants' motion which was for summary judgment dismissing the false arrest cause of action. Contrary to the contention of the Orangetown defendants, there is no so-called "prima facie rule" or presumption of probable cause arising from "[a]fter the fact judicial participation" (*Broughton v State of New York*, 37 NY2d 451, 458 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]), in the plaintiff's underlying criminal case in a false arrest cause of action (*see Williams v City of New York*, 40 AD3d 847 [2007]; *Gagliano v County of Nassau*, 31 AD3d 375 [2006]). Moreover, probable cause is a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom (*see Parkin v Cornell Univ.*, 78 NY2d 523, 529 [1991]; *Fausto v City of New York*, 17 AD3d 520 [2005]). Here, the Orangetown defendants did not establish their prima facie entitlement to judgment as a matter of law, as the plaintiff's deposition testimony gave an account of the occurrences preceding his arrest which was different from the account given by the Orangetown defendants, and was sufficient to raise a triable issue of fact as to whether the Orangetown defendants acted with probable cause (*see Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 718 [2003]).

Similarly, as there is a triable issue of fact as to whether Officer McNeill acted with probable cause in arresting the plaintiff, the Supreme Court properly denied summary judgment on the issue of qualified immunity (*see Sirlin v Town of New Castle*, 35 AD3d 713 [2006]; *Kubik v New York State Dept. of Social Servs.*, 278 AD2d 644 [2000]).

The Supreme Court also properly granted that branch of the Orangetown defendants' motion which was for summary judgment dismissing the malicious prosecution cause of action. In order to recover damages for malicious prosecution, a plaintiff must establish four elements: that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice (*see Smith-Hunter v Harvey*, 95 NY2d 191, 195 [2000]; *Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). Even if the "in the interest of justice" dismissal of the criminal charges could be considered a termination in favor of the plaintiff (*see Cantalino v Danner*, 96 NY2d 391 [2001]; *Ward v Silverberg*, 85 NY2d 993 [1995]), the plaintiff cannot establish the absence of probable cause. As the "prima facie rule" or presumption of probable cause applies to malicious prosecution claims (*see Broughton v State of New York*, 37 NY2d 451, 457

[1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]), the Village Justice's determination that Officer McNeill had probable cause to arrest the plaintiff bars the cause of action to recover damages for malicious prosecution (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 501-504 [1984]; *Gagliano v County of Nassau*, 31 AD3d 375 [2006]). In opposition to the Orangetown defendants making a prima facie showing of their entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact.

The Supreme Court should have granted that branch of the Orangetown defendants' motion which was for summary judgment dismissing the use of excessive force cause of action. In light of the circumstances of this case, including the absence of proof of injury, the defendants established that the police officer did not use excessive force in restraining the plaintiff, and the plaintiff failed to present any evidence otherwise (*see Gagliano v County of Nassau*, 31 AD3d 375 [2006]; *Campagna v Arleo*, 25 AD3d 528 [2006]).

Finally, the Supreme Court properly found that the conclusory, vague, and general allegations of a conspiracy to deprive the plaintiff of constitutional rights were insufficient to support claims under 42 USC §§ 1983, 1985, and 1986 and, in effect, granted those branches of the respective motions of the Orangetown defendants and the Hospital defendants which were for summary judgment dismissing the causes of action to recover damages for violations of 42 USC §§ 1983, 1985, and 1986, and 42 USC § 1985, insofar as asserted against them, respectively (*see Williams v Maddi*, 306 AD2d 852 [2003], *lv denied* 100 NY2d 516 [2003], *cert denied* 541 US 960 [2004]; *Kubik v New York State Dept. of Social Servs.*, 278 AD2d 644 [2000]; *Kubik v New York State Dept. of Social Servs.*, 244 AD2d 606 [1997]). In opposition to the Orangetown defendants and the Hospital defendants making a prima facie showing of their entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Mastro, J.P., Lifson, Florio and Dickerson, JJ., concur.