*1290 Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, J.), entered October 4, 2007 in an action for, inter alia, defamation. The order granted defendants’ motion for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, an officer with the Jamestown Police Department (Department), was questioned by the Federal Bureau of Investigation (FBI) in connection with its investigation of a missing woman with whom plaintiff had a relationship. The FBI reported to the Department that its investigation revealed that plaintiff had been stalking women. The Department launched an internal investigation and, after receiving statements from three women, prepared a warrant to arrest plaintiff on charges of stalking, harassment, and official misconduct. The warrant was signed by a City Court Judge and, on the day on which plaintiff was arrested, the Department held a press conference concerning the charges. Plaintiff was subsequently indicted, and County Court granted that part of his omnibus motion seeking to dismiss seven counts of the indictment. On a prior appeal, we modified that order and reinstated one of those counts (People v Watson, 32 AD3d 1199 [2006], lv denied 7 NY3d 929 [2006]).
Plaintiff commenced this action alleging, inter alia, defamation, abuse of process, malicious prosecution, and the violation of his civil rights. We conclude that Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint.
With respect to the cause of action for defamation, we reject the contention of plaintiff that he was defamed by certain comments made by the individual defendants at the press conference. “A public official may not recover damages for defamation unless the official proves that the offending false statement was made with actual malice—that is, with knowledge that it was false or with reckless disregard of whether it was false or not” *1291 (Freeman v Johnston, 84 NY2d 52, 56 [1994] [internal quotation marks omitted], cert denied 513 US 1016 [1994]; see New York Times Co. v Sullivan, 376 US 254, 279-280 [1964]). Defendants established their entitlement to judgment as a matter of law with respect to that cause of action by demonstrating that the remarks that allegedly defamed plaintiff were true with the exception of one remark that was a misstatement but was not made with malice. Plaintiff failed to raise a triable issue of fact (see Kasachkoff v City of New York, 68 NY2d 654, 657 [1986]).
With respect to the cause of action for abuse of process, plaintiff contends that the arrest warrant was used by defendants to gain an advantage at the civil service hearing conducted to terminate him as a police officer. “Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective” (Curiano v Suozzi, 63 NY2d 113, 116 [1984]; see Berisic v Winckelman, 40 AD3d 561, 562 [2007]; Johnson v Kings County Dist. Attorney’s Off., 308 AD2d 278, 288-289 [2003]). Defendants met their initial burden by establishing that, in seeking the warrant, they did not intend to harm plaintiff without excuse or justification. In addition, they established that they did not use process to gain an advantage at the civil service hearing. Rather, they established that they had sought the warrant based upon the sworn statements given by three women to the Department. In opposition to the motion, plaintiff submitted the affidavits of two of those women, each of whom indicated that she never requested that criminal charges be brought against plaintiff. Those women, however, did not refute the statements given by them to the Department, and we note that they were not required to request that criminal charges be brought against plaintiff, nor was it necessary for the Department to obtain their consent to do so. Plaintiff thus failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
With respect to the cause of action for malicious prosecution, “a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice” (Martinez v City of Schenectady, 97 NY2d 78, 84 [2001]; see Diederich v Nyack Hosp., 49 AD3d 491, 493 [2008]; Weiss v Hotung, 26 AD3d 855, 856 [2006]). Defendants established in support of their motion that, after two of the individual defendants prepared the application for an arrest war *1292 rant, it was signed by a City Court Judge. The determination of that City Court Judge that the police had probable cause to arrest plaintiff bars the cause of action for malicious prosecution (see Diederich, 49 AD3d at 493-494). In addition, defendants established that the criminal proceeding has not been terminated in plaintiffs favor, although several of the charges have been dismissed, and that the charges were not made with malice. Plaintiff failed to raise a triable issue of fact (see generally Zuckerman, 49 NY2d at 562).
With respect to the cause of action alleging the violation of plaintiffs civil rights, plaintiff contends that he was arrested without probable cause in violation of his Fourth Amendment rights. We agree with defendants that they are entitled to qualified immunity with respect to plaintiffs arrest inasmuch as it was “objectively reasonable for the defendants to have believed that their conduct as related to the plaintiff was lawful under the circumstances” (Colao v Mills, 39 AD3d 1048, 1050 [2007]; see Anderson v Creighton, 483 US 635, 638-639 [1987]; Malley v Briggs, 475 US 335, 343-344 [1986]).
We have considered plaintiffs remaining contentions and conclude that they are without merit. Present—Scudder, PJ., Martoche, Centra, Lunn and Gorski, JJ.