*624 In an action, inter alia, to quiet title pursuant to RPAPL 1501 and to recover damages for negligence and fraud, (1) the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated March 3, 2009, as granted that branch of the motion of the defendant Eastern Savings Bank which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it, and (2) the defendants William Zoumas and Ioannis Zoumas separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant Eastern Savings Bank which was pursuant to CPLR 3211 to dismiss all cross claims insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The plaintiff, an 82-year-old widow, claims that she is the true owner of a parcel of residential real property located in Rosedale, Queens (hereinafter the property), and that she was the victim of a fraudulent scheme perpetrated by the defendant Asia Smith, also known as Samira Kahn (hereinafter Smith), her granddaughter, to acquire title to the property. Smith admitted that she obtained a deed, through fraud and forgery, which was dated October 3, 2005, and purported to convey the property from the plaintiff to Smith. Shortly after this deed was recorded, allegedly without the plaintiff’s knowledge, Smith obtained a mortgage on the property from the defendant Eastern Savings Bank (hereinafter Eastern) as security for a loan in the sum of $175,000. After Smith failed to make payments on the Eastern loan, Eastern commenced a foreclosure action. The Eastern loan was satisfied in April 2007, with funds Smith obtained through a mortgage loan, in the sum of $270,000, from the defendants William Zoumas and Ioannis Zoumas (hereinafter together the Zoumas defendants).
The plaintiff commenced this action against Smith, Eastern, and the Zoumas defendants seeking, inter alia, to quiet title pursuant to RPAPL 1501. She also sought actual and punitive damages. The plaintiff alleged that Eastern had been notified of the alleged fraud in June 2006 and that, despite this knowledge, Eastern had permitted its loan to be satisfied in April 2007. The Zoumas defendants asserted cross claims against Eastern alleging, among other things, fraud and negligence and seeking indemnification and contribution. Eastern moved to dismiss the complaint and cross claims insofar as asserted against it pursuant to CPLR 306-b and CPLR 3211 (a) (1) and (7), respectively. The Supreme Court granted Eastern’s motion, and we affirm.
*625 The plaintiff concedes that she failed to effect service upon Eastern within the 120-day period provided for by CPLR 306-b. Contrary to the plaintiffs contention, the evidence submitted did not demonstrate the existence of any agreement by which Eastern agreed to waive its right to challenge service as untimely (see generally Golfo v Kycia Assoc., Inc., 45 AD3d 531 [2007]). The plaintiff failed to move for an extension of time to serve process pursuant to CPLR 306-b and, therefore, was not entitled to such relief (see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001]; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31 [2009]). Accordingly, the Supreme Court properly granted that branch of Eastern’s motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it.
The Supreme Court properly granted that branch of Eastern’s motion which was pursuant to CPLR 3211 to dismiss all cross claims asserted by the Zoumas defendants against it. With regard to the cross claims to recover damages for fraud and for negligence, the documentary evidence conclusively established that Eastern did not have any fiduciary or confidential relationship with the Zoumas defendants and was not otherwise under any duty to disclose any material information (see Dembeck v 220 Cent. Park S., LLC, 33 AD3d 491 [2006]; Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 277 [2005]; cf. Barrett v Freifeld, 64 AD3d 736, 738 [2009]). Eastern owed no duty of care to the Zoumas defendants and there is no allegation that Eastern made any affirmative misrepresentations (see Industrial Risk Insurers u Ernst, 224 AD2d 389, 390 [1996]; see generally Long Is. Sound, LLC v O’Brien & Gere Engrs., Inc., 25 AD3d 668 [2006]). Furthermore, although a defendant may seek contribution or indemnification from another party even if the injured plaintiff has no right of recovery against that party, the Zoumas defendants failed to state a cause of action for contribution or indemnification, as they did not allege a breach of any duty running from Eastern to them (see Raquet v Braun, 90 NY2d 177 [1997]; Ruddy v Lexington Ins. Co., 40 AD3d 733, 734 [2007]).
The Zoumas defendants’ remaining contentions are without merit. Prudenti, RJ., Rivera, Santucci and Miller, JJ., concur.