■ THEODORE JEAN-MARY, Respondent, v CITY OF NEW YORK et al., Appellants. [651 NYS2d 925] —In an action, *inter alia*, to recover damages for malicious prosecution, the defendants appeal from a judgment of the Supreme Court, Queens County (Satterfield, J.), dated August 21, 1995, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $1,000,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

To sustain a cause of action for malicious prosecution the plaintiff must establish the following: (1) a criminal proceeding commenced or continued by the defendant against him or her, (2) termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice (*see, Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). Concerning the need to establish the absence of probable cause, "a Grand Jury indictment creates a presumption of probable cause" (*Carthens v City of New York*, 168 AD2d 408, 409; *see, Colon v City of New York*, 60 NY2d 78), which "may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith" (*Colon v City of New York, supra*, at 82-83, citing *Lee v City of Mount Vernon*, 49 NY2d 1041). In the case before us, the prosecutor presented proof to a Grand Jury which then returned an indictment against the defendant. The plaintiff failed to proffer evidence sufficient to overcome the presumption of probable cause, and therefore failed to establish a prima facie case of malicious prosecution. Accordingly, the defendants' post-trial motion to

set aside the verdict should have been granted and the complaint dismissed. Rosenblatt, J. P., Thompson, Goldstein and Luciano, JJ., concur.