■ JASON E. MALONE, Appellant, v CITY OF GLENS FALLS, Respondent. [674 NYS2d 502] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered August 29, 1997 in Warren County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

At approximately 11:30 P.M. on October 31, 1994, plaintiff

approached the rear door of the Glens Falls Civic Center where he had been directed to report for work as a stage hand. When a security guard denied plaintiff access to the arena, where a rock concert was in progress, plaintiff explained that he was there to work and had been told to pick up a pass at the door. The guard then summoned a nearby police officer, who told plaintiff to "get on the sidewalk"—some 50 feet away from the building, where fans without tickets had been directed to remain—and "keep moving". When plaintiff refused, insisting that he had a right to be there and was only trying to go to work, he was eventually arrested, handcuffed and transported to the police station. Later that night, after police were informed that plaintiff had indeed been scheduled to work at the Civic Center, he was released.

Plaintiff then commenced this action in which he seeks damages for, *inter alia*, false arrest (*see, Broughton v State of New York*, 37 NY2d 451, 456, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). After issue was joined and depositions conducted, defendant moved for summary judgment dismissing the complaint. Supreme Court, finding as a matter of law that there was probable cause to arrest plaintiff for disorderly conduct or trespass, granted the motion, prompting this appeal.

The false arrest claim must be reinstated, for the record—and particularly plaintiff's testimony, which differs markedly from that of the arresting officer—raises factual questions that bear directly on the critical issue of probable cause. Notably, the officer himself testified that plaintiff's presence near the door of the arena did not create a "hazardous or physically offensive condition" (Penal Law § 240.20 [7]), and he also conceded that plaintiff had not engaged in any of the other conduct proscribed by that statute. These statements, coupled with plaintiff's averments that he was not causing any disturbance or "making a scene" in any way, and that there were no other individuals congregating around the door, could lead a jury to conclude that the officer (who, plaintiff contends, told him that he was "under arrest for disorderly conduct") had no reasonable basis for believing that he had committed a crime, or for ordering him to leave the area.

Most significant, however, are the parties' disparate accounts with respect to whether, and to what extent, the officer attempted to verify plaintiff's assertion that he had a legitimate reason for being in the area (*see, Parkin v Cornell Univ.*, 78 NY2d 523, 529-530; *Colon v City of New York*, 60 NY2d 78, 82). Plaintiff maintains that no effort was made to ascertain

whether he was rightfully there, although the conflict could have been easily avoided by a simple inquiry.

While a refusal to obey the lawful order of a police officer can justify an arrest (*cf.*, *People v Galpern*, 259 NY 279, 282), it would not be unreasonable to conclude, on this record, that the officer had no legitimate reason to order plaintiff to leave without making even a cursory attempt to verify his claim, and that the ensuing arrest was therefore improper. Where, as here, the facts are in dispute, as are the inferences that may be drawn therefrom, the determination of whether a warrantless arrest was effected without probable cause (*see*, *Broughton v State of New York*, *supra*, at 458) should be left to the fact finder (*see*, *Parkin v Cornell Univ.*, *supra*, at 529; *cf.*, *Veras v Truth Verification Corp.*, 87 AD2d 381, 384, *affd* 57 NY2d 947).

Cardona, P. J., Crew III, White and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion regarding plaintiff's first cause of action; motion denied regarding said cause of action; and, as so modified, affirmed.