DENNIS J. O'DONNELL, Respondent, v COUNTY OF NASSAU, Appellant. [775 NYS2d 902]—

In an action to recover damages for false arrest and malicious prosecution, the defendant appeals from an order of the Supreme Court, Nassau County (Carter, J.), entered December 18, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was arrested for, indicted for, and acquitted of the alleged sexual abuse of a then-six-year-old boy, and brought this action to recover damages for false arrest and malicious prosecution. The defendant, County of Nassau, moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion, finding that there were issues of fact. We reverse.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the false arrest cause of action by showing that the police had probable cause to arrest the plaintiff (*see Gisondi v Town of Harrison,* 72 NY2d 280, 283 [1988]; *Wasilewicz v Village of Monroe Police Dept.,* 3 AD3d 561 [2004]; *Kandekore v Town of Greenburgh,* 243 AD2d 610 [1997]). The plaintiff's speculative assertions submitted in opposition to the motion were unsupported by any evidence, and thus, insufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The malicious prosecution cause of action also should have been dismissed. To sustain a cause of action alleging malicious prosecution, a plaintiff must establish the following: (1) a criminal proceeding commenced or continued by the defendant against him or her; (2) termination of the proceeding in favor of the accused plaintiff; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice (*see Broughton v State of New York,* 37 NY2d 451, 457 [1975], *cert denied* 423 US 929 [1975]; *Jean-Mary v City of New York,* 234 AD2d 515 [1996]). Once a suspect has been indicted, however, the grand jury indictment creates a presumption of probable cause to believe that the suspect committed the crime (*see Colon v City of New York,* 60 NY2d 78, 82 [1983]; *Jean-Mary v City of New York, supra; Carthens v City of New York,* 168 AD2d 408, 409 [1990]). This presumption "may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith" (*Colon v City of New York, supra* at 82-83; *see Jean-Mary v City of New York, supra*).

Here, the defendant demonstrated its prima facie entitlement to summary judgment by showing that the plaintiff was indicted by a grand jury for the subject incident, thus creating a presumption of probable cause. In opposition, the plaintiff failed to raise a triable issue of fact as to this presumption (*cf. Ramos v City of New York,* 285 AD2d 284 [2001]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., H. Miller, Adams and Rivera, JJ., concur.