**Rudi RIVAS, Plaintiff,**

v.

**SUFFOLK COUNTY, Suffolk County District Attorney's Office, James Catterson, Individually and as District Attorney for Suffolk County, Suffolk County Police Department, John Kumiega, and James Rivera, Defendants.**

**No. CV95–387 (ADS).**

United States District Court, E.D. New York.

July 21, 2004.

Rudi Rivas, Fallsburg, NY, pro se.

Snitow, Kanfer, Holtzer & Millus, LLP by Paul F. Millus, Esq., New York City, for Defendants, Suffolk County, District Attorney's Office and James Catterson.

Christine Malafi, Suffolk County Attorney by Arlene S. Zwilling, Assistant County Attorney, Hauppauge, NY, for Defendants, Suffolk County Police Department, Suffolk County, John Kumiega and James Rivera.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

## I. BACKGROUND

In a complaint filed on January 27, 1995, the plaintiff, acting *pro se*, alleged that he was arrested on December 11, 1991 for the crime of attempted murder in the second degree. Rivas remained in the Suffolk County Correctional Facility for approximately one year until his release on bail. The district attorney eventually dismissed the charges against the plaintiff on November 17, 1993. In the original complaint, the plaintiff contends that the Suffolk County Police Department lacked probable cause for his arrest, and that Suffolk County was negligent in failing to adequately oversee the police department's actions.

On January 15, 2000, this Court issued an order granting leave to the plaintiff to serve an amended complaint. This amended complaint sharpened his original complaint and set forth three causes of action: first, a cause of action for false arrest under 42 U.S.C. § 1983 against Suffolk County Police Officers James Rivera and John Kumiega, on the grounds that Rivera and Kumiega participated in the arrest of the plaintiff; second, a cause of action sounding in malicious prosecution alleging that Rivera and Kumiega engaged in a conspiracy with Suffolk County District Attorney James Catterson and Assistant District Attorney Briant Grauer to obtain an indictment of the plaintiff by means of fraudulent documents and false testimony; and third, a New York State cause of action alleging intentional infliction of emotional distress.

In the amended complaint, Rivas alleges that defendants Rivera and Kumiega "presented to the said Suffolk County Grand Jury prevaricated (sic) and fraudulently contrived documents ... (and) did cause the plaintiff herein (Rudi Rivas) to be falsely and unconstitutionally indicted by that said Suffolk Grand Jury."

The plaintiff has persistently complained of not being represented by counsel and has made numerous motions for the appointment of pro bono counsel. In an order dated July 30, 2002, the Court determined, *sua sponte*, that counsel should be appointed to represent the plaintiff. Unfortunately, the Court's efforts to obtain

counsel were unsuccessful. In an order dated June 2, 2004, the Court reported:

> The Court attempted to retain counsel for the plaintiff by presenting the case to two different attorneys. Neither attorney accepted the assignment for varying reasons. The plaintiff now moves for appointment of counsel. However, the plaintiff is advised that the Court, after a substantial effort, has been unable to retain an attorney willing to represent the plaintiff. Accordingly, the plaintiff's motion for appointment of counsel is DENIED.

## II. THE TRIAL

On Monday, July 12, 2004, a jury was selected. Following the empaneling of the jury, they were adjourned to Thursday, July 15, 2004, for the commencement of the trial. Also, on July 12, 2004, after the jury was recessed, the Court entered into an extended discussion of the issues with the plaintiff Rudi Rivas and counsel for the defendants. The plaintiff does not speak, read or understand English, and all communications with him were done by way of Spanish interpreters.

At that time, the Court advised the plaintiff that the filing of an indictment in the attempted murder charge was presumptive evidence of probable cause in both the Section 1983 false arrest and Section 1983 malicious prosecution causes of action. The Court further advised Rivas that, in order to prevail and overcome the consequences of the indictment, he would have to produce evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct showing bad faith. In answer to the Court's question, the plaintiff stated that the events took place so long ago that he did not remember what occurred. In addition, he stated that he had no witnesses to substantiate his case. At that time, the plaintiff seemed somewhat uncertain as to whether he would testify.

On the adjourned date, Thursday, July 15, 2004, the Court again explained that law with regard to the indictment and its presumptive evidence of probable cause. Again, the plaintiff seemed uncertain as to whether he would testify and once more stated that he had no witnesses. The jury was then brought into the courtroom, and the oath was given to them. The Court then gave the jury the usual preliminary instructions including an explanation of the dual role of a *pro se* plaintiff and one who speaks only through an interpreter. The plaintiff then made an opening statement. Defense counsel both waived opening. The Court then asked the plaintiff to commence his case. The plaintiff stated that he did not wish to testify. The Court excused the jury and again gave the plaintiff the opportunity to testify. In addition, the Court explained the consequences of the plaintiff's failure to testify; namely, that the complaint would be dismissed and he would lose his case. After several equivocal moments, the plaintiff finally stated that he would not take the witness stand.

The Court then rendered an oral decision dismissing both federal Section 1983 causes of action and the complaint in its entirety. This written decision is being made to clarify the Court's rulings and to complete the record.

## III. DISCUSSION

### A. The Standards

■ Federal Rules of Civil Practice ("FRCP") 50(a) provide for a judgment as a matter of law:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party

on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party. . . .

Fed.R.Civ.P. 50(a).

In this case, as stated above, the jury was empaneled; preliminary instructions were given to the jury; and the plaintiff *pro se* made an opening statement. The plaintiff then declined to take the witness stand and offered no witnesses or exhibits in support of his causes of action. Accordingly, pursuant to FRCP 50(a), the Court must determine all the issues raised in the plaintiff's complaint against him and grant the defendants' motion for judgment as a matter of law and dismiss the complaint. However, to complete the record the Court will record its ruling on the merits of the causes of action raised by the plaintiff in his complaint.

**B. As to the Intentional Infliction of Emotional Distress Cause of Action**

■ Prior to the jury selection, in open Court on July 12, 2004, the Court dismissed the New York State common law cause of action for intentional infliction of emotional distress on two grounds. First, no notice of claim was filed against any of the municipal defendants at any time. Second, liability may be imposed for the intentional infliction of emotional distress "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. American Home Products*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 448 N.E.2d 86 (quoting Restatement [Second] of Torts § 46, comment d); *see Howell v. New York Post*, 81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699.

Thus, to prevail under this tortious cause of action:

[i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.

Restatement (second) of Torts § 46. cmt.d (1965); *See also, Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir.1999). Assuming the truth of all the allegations in the complaint, the facts in this case do not rise to the level of the extreme and outrageous conduct required.

■ In addition, after reviewing the six prior orders issued in this case, the Court found that, in an order dated January 15, 2000 this cause of action has already been dismissed. The Court's January 15, 2000 order reads in pertinent part:

The plaintiff also asserts a claim of intentional inflection of emotional distress. Defendant Suffolk County alleges that this claim is barred as the plaintiff did not timely file the notice of claim required by N.Y. Gen. Mun. L. § 50–e. That statute states:

(a) In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or any special proceeding against a public corporation . . . the notice of claim . . . shall be served in accordance with the provisions of this section within ninety days after the claim arises.

The defendants contend that the plaintiff has failed to serve the required notice of claim, and the plaintiff has not denied such contentions in his reply papers. In the absence of such a filing, the plaintiff's tort claim for intentional infliction of emotional distress against the County and its agencies and employ-

ees in their official capacities must be dismissed.

*Washington Square Post # 1212 v. City of New York*, 808 F.Supp. 264 (S.D.N.Y. 1992).

## C. As to the Section 1983 False Arrest Cause of Action

■ According to the Second Circuit a " § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996).

■ To establish a claim for false arrest a plaintiff must prove, *inter alia*, that his confinement was not otherwise privileged. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995); *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994); *Broughton v. State*, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 93, 335 N.E.2d 310 (1975). If the arresting officer has probable cause, the confinement is privileged. *Decker v. Campus*, 981 F.Supp. 851, 856 (S.D.N.Y. 1997) ("[i]f there existed probable cause at the time of the arrest, the arrest is 'privileged,' and the individual has not constitutional or statutory claim against the officer who made the arrest.")

■ Probable cause or reasonable cause exists where facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person under inquiry. *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *Curley v. Village of Suffern*, 268 F.3d 65 (2d Cir.2001); *Singer*, 63 F.3d at 118; *Golino v. New Haven*, 950 F.2d 864, 870 (2d Cir.1991), *cert. denied*, 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d

902 (1992). Whether the probable cause standard has been met in a particular case is determined by reference to the "totality of the circumstances." *Bernard*, 25 F.3d at 102 (*quoting Illinois v. Gates*, 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

■ The existence of probable cause is a complete defense to a false arrest claim, even where the plaintiff was ultimately acquitted of the criminal charges. *See Weyant*, 101 F.3d at 852 (citing *Bernard*, 25 F.3d at 102). In this case, it is significant that probable cause is presumed when a grand jury has handed down an indictment. *See Bernard*, 25 F.3d at 104. In cases in which the presumption of probable cause arises from an indictment, the plaintiff can overcome the presumption "by a showing that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Bernard*, 25 F.3d at 104; *see also Green v. Montgomery*, 219 F.3d 52, 59 (2d Cir. 2000).

Here, the plaintiff claims that he was falsely arrested. However, it appears from the complaint that after the plaintiff was arrested he was subsequently indicted by the grand jury. Thus, probable cause is presumed. *See Bernard*, 25 F.3d at 104; *Golino*, 950 F.2d at 870.

At the trial, the plaintiff produced no evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct taken in bad faith which led to the filing of the indictment. In fact, the plaintiff produced no evidence of any kind. The indictment therefore stands as probable cause for the arrest, as a matter of law. Accordingly, the Court grants the defendants' motions dismissing the Section 1983 false arrest cause of action.

## D. As to the Section 1983 Malicious Prosecution Cause of Action

The plaintiff contends that he was maliciously prosecuted for the crime of attempted murder in the second degree. He was indicted for this crime and the indictment was ultimately dismissed because the victim-complainant had apparently disappeared and could not be located.

### 1. Probable Cause

 In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, *see, e.g. Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir.1997), *cert. denied*, 522 U.S. 1115, 118 S.Ct. 1051, 140 L.Ed.2d 114 (1998), and establish the elements of a malicious prosecution claim under state law, *see, e.g., Russell v. Smith*, 68 F.3d 33, 36 (2d Cir.1995); *Janetka v. Dabe*, 892 F.2d 187, 189 (2d Cir.1989).

 Under New York law, "[t]he elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause and (4) malice." *Colon v. City of New York*, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455, 455 N.E.2d 1248 (1983). Liability for the New York common law tort of malicious prosecution also gives rise to liability under 42 U.S.C. § 1983. *See, e.g., Cook v. Sheldon*, 41 F.3d 73, 77–79 (1994).

 As with false arrest, a showing of probable cause will defeat the malicious prosecution claim. The existence of probable cause is a complete defense to a claim of malicious prosecution in New York. *See Colon*, 60 N.Y.2d at 82, 468 N.Y.S.2d at 455 (discussing malicious prosecution claims). An indictment before a grand jury creates a presumption of probable cause that may only be rebutted by evi-

dence that the indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Colon*, 60 N.Y.2d at 83, 468 N.Y.S.2d at 456, 455 N.E.2d 1248. As recently stated by the Second Circuit in *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir.2003):

A presumption of probable cause is created, however, by a grand jury's indictment. *Colon*, 60 N.Y.2d at 82, 468 N.Y.S.2d 453, 455 N.E.2d 1248. The presumption is rebuttable, and may be overcome by evidence establishing that the police witnesses "have not made a complete and full statement of facts ... that they have misrepresented or falsified evidence ... or otherwise acted in bad faith." *Id.* at 82–83, 468 N.Y.S.2d 453, 455 N.E.2d 1248. "If plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* at 83, 468 N.Y.S.2d 453, 455 N.E.2d 1248.

In an illustrative malicious prosecution case, *Theodore Jean–Mary v. The City of New York*, 234 A.D.2d 515, 651 N.Y.S.2d 925 (2d Dep't 1996), the plaintiff recovered a one million dollar verdict. The Second Department reversed and dismissed the complaint, stating:

Concerning the need to establish the absence of probable cause, "a Grand Jury indictment creates a presumption of probable cause" *(Carthens v. City of New York*, 168 A.D.2d 408, 409, 562 N.Y.S.2d 534 (2d Dep't 1990); *see, Colon v. City of New York* 60 N.Y.2d 78, 468 N.Y.S.2d 453, 455 N.E.2d 1248), which "may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts wither to the Grand Jury or to

the District Attorney, that they have withheld evidence or otherwise acted in bad faith" (*Colon v. City of New York, supra,* at 83, 468 N.Y.S.2d 453, 455 N.E.2d 1248, *citing Lee v. City of Mount Vernon,* 49 N.Y.2d 1041, 429 N.Y.S.2d 557, 407 N.E.2d 404). In the case before us the prosecutor presented proof to a Grand Jury which then returned an indictment against the defendant. The plaintiff failed to proffer evidence sufficient to overcome the presumption of probable cause, and therefore failed to establish a prima facie case of malicious prosecution. Accordingly, the defendants post-trial motion to set aside the verdict should have been granted and the complaint dismissed.

As stated above, here, there was no such evidence of fraud, perjury or suppression of evidence before the grand jury, presented nor has the plaintiff in any way, indicated that such evidence is available for this trial. Here, the jury was selected and Rivas conceded on the record that he has no such exculpatory evidence to place before this jury.

Again, the presumption of probable cause based upon a grand jury indictment is "so strong that it may only be overcome by evidence demonstrating that the defendants engaged in fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Dukes v. City of New York,* 879 F.Supp. 335, 341–42 (S.D.N.Y.1995) (quoting *Bernard,* 25 F.3d at 104).

In the absence of any evidence that the defendants—or any other officers or prosecutors—acted in bad faith or gave perjured evidence before the grand jury or without any other exculpatory evidence, or documentary evidence of any kind, no reasonable juror could find that Rivas could overcome the presumption of probable cause that arises from his indictment. Because the existence of probable cause is a complete defense to a claim of malicious prosecution, the defendants are entitled to judgment dismissing this Section 1983 malicious prosecution claim.

**2. Favorable Termination**

■■■■ In a Section 1983 malicious prosecution cause of action, the plaintiff must prove that the proceeding terminated in his favor, commonly known as the "favorable termination" factor. *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 130 (2d Cir.1997); *O'Brien v. Alexander,* 101 F.3d 1479, 1484 (2d Cir.1996).

■■■■ As stated in *Murphy v. Lynn,* 118 F.3d 938, 948 (2d Cir.1997), favorable termination in this context means that "its final disposition is such as to indicate the innocence of the accused." *See, e.g.,* Restatement § 660 comment a; *O'Brien v. Alexander,* 101 F.3d 1479, 1486–87 (2d Cir. 1996) (discussing cases); *Russell v. Smith,* 68 F.3d at 36 ("In the absence of a decision on the merits, the plaintiff must show that the final disposition is indicative of innocence."); *MacFawn v. Kresler,* 88 N.Y.2d 859, 860, 644 N.Y.S.2d 486, 666 N.E.2d 1359, (whether "the final disposition of the proceeding involves the merits and indicates the accused's innocence" (citing *Hollender* )); *Hollender v. Trump Village Cooperative, Inc.,* 58 N.Y.2d 420, 426, 461 N.Y.S.2d 765, 768, 448 N.E.2d 432 (1983) (quoting Restatement § 660 comment a); *Halberstadt v. New York Life Insurance Co.,* 194 N.Y. 1, 10–11, 86 N.E. 801, 803–04 (1909).

■■■■ An affirmative demonstration of innocence is not required. What is required is a showing that the basis for dismissal was not inconsistent with innocence. In this case, after a jury was selected, the Assistant District Attorney advised the Court that the People could not

locate the victim—complainant, and therefore could not proceed. The trial judge then dismissed the indictment. Under these circumstances, the Court finds that the basis for this dismissal was inconsistent with innocence. Therefore, favorable termination could not be established in this Section 1983 malicious prosecution cause of action.

## IV. CONCLUSION

Based on the failure to file a notice of claim, and on the merits, the plaintiffs New York State common law claim grounded on intentional infliction of emotional distress was dismissed.

Further, based on the total failure to overcome the probable cause thrust of the grand jury indictment for attempted murder in the second degree, the plaintiff's Section 1983 false arrest and malicious prosecution causes of action are also dismissed.

Accordingly, the complaint is dismissed in its entirety as to all the defendants.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**