■ JASON E. STRANGE, Appellant, v COUNTY OF WESTCHESTER, Defendant, and VILLAGE OF PELHAM et al., Respondents. [815 NYS2d 155]—

In an action to recover damages for false arrest, false imprisonment, and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered October 13, 2004, which granted the motion of the defendants Village of Pelham, Town of Pelham, Ralph Demasi, and Pelham Police Department for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The defendants Village of Pelham, Town of Pelham, Ralph Demasi, and Pelham Police Department (hereinafter the defendants) established their prima facie entitlement to judgment as a matter of law dismissing the false arrest and false imprisonment causes of action insofar as asserted against them by showing that the police had probable cause to arrest the plaintiff (*see Gisondi v Town of Harrison,* 72 NY2d 280, 283 [1988]; *Wasilewicz v Village of Monroe Police Dept.,* 3 AD3d 561 [2004]; *Kandekore v Town of Greenburgh,* 243 AD2d 610 [1997]). The plaintiff's speculative assertions submitted in opposition to the motion were unsupported by any evidence and, thus, were insufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted summary judgment dismissing the false arrest and false imprisonment causes of action insofar as asserted against the defendants.

The Supreme Court also properly dismissed the malicious prosecution cause of action insofar as asserted against the defendants. "To sustain a cause of action alleging malicious

prosecution, a plaintiff must establish the following: (1) a criminal proceeding commenced or continued by the defendant against him or her; (2) termination of the proceeding in favor of the accused plaintiff; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice'' (*O'Donnell v County of Nassau*, 7 AD3d 590, 591 [2004]; *see Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *Jean-Mary v City of New York*, 234 AD2d 515 [1996]). Once a suspect has been indicted, however, the indictment creates a presumption of probable cause to believe that the suspect committed the crime (*see Colon v City of New York*, 60 NY2d 78, 82 [1983]; *Carthens v City of New York*, 168 AD2d 408, 409 [1990]). "This presumption 'may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, [or] that they have withheld evidence or otherwise acted in bad faith' '' (*O'Donnell v County of Nassau, supra* at 591, quoting *Colon v City of New York, supra* at 82-83). Here, the defendants demonstrated their prima facie entitlement to summary judgment by showing that the plaintiff was indicted by a grand jury for the subject incident, thus creating a presumption of probable cause. In opposition, the plaintiff failed to raise a triable issue of fact (*cf. Ramos v City of New York*, 285 AD2d 284 [2001]). Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.