█ HAROLD CHETRICK et al., Appellants, v MEL COHEN, Also Known as MELVYN COBIN, et al., Respondents. [859 NYS2d 705]—

In an action, inter alia, to recover damages for wrongful arrest and malicious prosecution, the plaintiffs appeal (1) from an order and judgment (one paper) of the Supreme Court, Suffolk County (Whelan, J.), dated February 14, 2007, which granted the motion of the defendants County of Suffolk, Suffolk County Police Department, and Mel Cohen also known as Melvyn Cobin, for summary judgment dismissing the complaint insofar as asserted against them, granted the motion of the defendants Suffolk County District Attorney James M. Catterson, Jr., Frank Morro, Jr., Glenn Murphy, and Richard T. Dunne for summary judgment dismissing the complaint insofar as asserted against them, denied their motion to compel the examination before trial of the defendant James M. Catterson, Jr., and, in effect, dismissed the complaint, and (2), as limited by their brief, from so much of an order of the same court dated July 16, 2007, as denied that branch of their motion which was to compel the court to disclose any relationship with the Suffolk County District Attorney's office.

Ordered that the order and judgment dated February 14, 2007 is affirmed; and it is further,

Ordered that the order dated July 16, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the false arrest and false imprisonment causes of action by showing that the police had probable cause to arrest the plaintiffs (*see Gisondi v Town of Harrison,* 72 NY2d 280, 283 [1988]; *Wasilewicz v Village of Monroe Police Dept.,* 3 AD3d 561, 562 [2004]; *Kandekore v Town of Greenburgh,* 243 AD2d 610 [1997]). As the plaintiffs failed to raise a triable issue of fact in opposition, the Supreme Court properly granted summary judgment to the defendants dismissing the false arrest and false imprisonment causes of action.

The Supreme Court also properly dismissed the malicious prosecution cause of action. "To sustain a cause of action alleging malicious prosecution, a plaintiff must establish the following: (1) a criminal proceeding commenced or continued by the defendant against him or her; (2) termination of the proceeding in favor of the accused plaintiff; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice" (*O'Donnell v County of Nassau,* 7 AD3d 590, 591 [2004]; *see Broughton v State of New York,* 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]). Once a suspect has been indicted, however, the indictment creates a presumption of probable cause to believe that the suspect committed the crime (*see Colon v City of New York,* 60 NY2d 78, 82 [1983]; *Carthens v City of New York,* 168 AD2d 408, 409 [1990]). "This presumption 'may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, [or] that they have withheld evidence or otherwise acted in bad faith' " (*O'Donnell v County of Nassau,* 7 AD3d at 591, quoting *Colon v City of New York,* 60 NY2d at 82-83). Here, the defendants demonstrated their prima facie entitlement to summary judgment by showing that the plaintiffs were indicted by a grand jury for the subject incident, thus creating a presumption of probable cause. In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.