FRANK F. VILLANO, Appellant, v INCORPORATED VILLAGE OF OLD BROOKVILLE, Respondent. [882 NYS2d 157]—

In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 4, 2007, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for false arrest and false imprisonment.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the afternoon of August 2, 2005 several officers of the Village of Old Brookville Police Department responded to a report of a domestic disturbance at the plaintiff's home. Prior to entering the residence, the officers ascertained that an order of protection had recently been issued in favor of the plaintiff's wife, but had not yet been served upon the plaintiff. The officers then spoke to the plaintiff's wife, who expressed concern for her safety and advised them that she wished to proceed with a civil arrest of the plaintiff for harassment. The plaintiff's wife

executed several documents, including a supporting deposition, in which she averred that her husband had engaged in a course of conduct which caused her to fear for her safety, and confirmed her intent to proceed with a civil arrest for harassment in the second degree. After the documents were executed, the officers took the plaintiff into custody and transported him to the Nassau County Detention Center, where he was released later that evening. The plaintiff thereafter commenced this action against the defendant Village of Old Brookville seeking, inter alia, damages for false arrest and false imprisonment on the theory that its officers had wrongfully arrested him for violating the provisions of the order of protection when they had full knowledge that he had not committed that offense.

Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the Village's motion which were for summary judgment dismissing his causes of action alleging false arrest and false imprisonment. The Village made a prima facie showing of its entitlement to summary judgment dismissing these claims by submitting evidentiary proof that its officers did not effectuate the plaintiff's arrest (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The Village's submissions, which included documentary evidence, established that the plaintiff's wife effectuated a civil arrest of him for harassment pursuant to CPL 140.30 (1) (b), and that the officers thereafter took the plaintiff into custody as authorized by CPL 140.40 (1). The plaintiff's speculative assertion that his wife was coerced into making a civil arrest as part of a coverup, which occurred after the officers realized that he could not be charged with violating a protective order, was unsupported by any evidence, and thus insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Strange v County of Westchester*, 29 AD3d 676 [2006]).

In light of our determination, we need not address the parties' remaining contentions. Prudenti, P.J., Miller, Eng and Belen, JJ., concur. [*See* 18 Misc 3d 1108(A), 2007 NY Slip Op 52471(U).]