■ CAROL BECK et al., Appellants, v LONG ISLAND WATER CORP. et al., Defendants, and TOWN OF HEMPSTEAD, Respondent. [909 NYS2d 534]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated June 25, 2009, which, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of

the evidence, is in favor of the defendant Town of Hempstead and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

On the morning of December 24, 2005, the plaintiff Carol Beck allegedly tripped and fell over an uneven portion of roadway on Stuart Drive, near its intersection with Peninsula Boulevard, in Woodmere. The defendant Town of Hempstead had patched the pavement at the site of the occurrence several years prior to the occurrence.

Contrary to the plaintiffs' contention, the Supreme Court did not commit reversible error by issuing a jury charge which supplemented the language set forth in PJI 2:225B. Here, there was no dispute that the Town was not provided with prior written notice of the alleged highway defect as required by section 6-2 of the Code of the Town of Hempstead. The Supreme Court correctly charged the jury that in order for the injured plaintiff to recover, she needed to prove that the alleged defective condition was caused by an affirmative act of the municipal defendant, and that the alleged defective condition existed at the time the highway repair was finished. The charge to the jury was consistent with law articulated by the Court of Appeals in *Oboler v City of New York* (8 NY3d 888, 889 [2007]; *see Bielecki v City of New York*, 14 AD3d 301 [2005]). The charge issued by the Supreme Court adequately conveyed "the sum and substance of the applicable law" (*Hayes v Estee Lauder Cos., Inc.*, 34 AD3d 735, 737 [2006] [internal quotation marks omitted]).

Nor was the verdict contrary to the weight of the evidence. The standard for determining whether a jury verdict is contrary to the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Tapia v Dattco, Inc.*, 32 AD3d 842, 845 [2006]). "Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Chery v Souffrant*, 71 AD3d 715, 716 [2010] [internal quotation marks omitted]). Here, the jury verdict that the subject roadway defect was not created by an affirmative act of negligence (*see Oboler v City of New York*, 8 NY3d at 889) on the part of the Town was based on a fair interpretation of the evidence. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.