The plaintiff moved to set aside the jury verdict, in effect, in the interest of justice on the ground that the Supreme Court’s jury charge on malicious prosecution was confusing and misleading. In order to prevail on a cause of action seeking to recover damages for malicious prosecution, a plaintiff must establish (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice (see Rivera v County of Nassau, 83 AD3d 1032 [2011]; Fortunato v City of New York, 63 AD3d 880, 881 [2009]; Chetrick v Cohen, 52 AD3d 449 [2008]; O’Donnell v County of Nassau, 7 AD3d 590, 591 [2004]). Here, the first two elements of the cause of action were undisputed, and thus, the trial of the action focused on the third and fourth elements. Contrary to the plaintiff’s contentions, the Supreme Court’s charge clearly and adequately conveyed the applicable legal principles with respect to a cause of action to recover damages for malicious prosecution, including, in particular, the elements of lack of probable cause and actual malice (see PJI 3:50; Beck v Long Is. Water Corp., 77 AD3d 780 [2010]).
Accordingly, the Supreme Court properly denied the plaintiff s motion pursuant to CPLR 4404 to set aside the jury verdict in *554 favor of the defendants and against him on the issue of liability. Angiolillo, J.E, Belen, Roman and Sgroi, JJ., concur.