11-5341-cv
Rafter v. Fleet Bos. Fin. Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand thirteen.

PRESENT:
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges*,
> JANE A. RESTANI,[*]
> > *Judge, U.S. Court of International Trade.*

---

Marcia Rafter,

> *Plaintiff-Appellant*,

> v.                                                          11-5341-cv

Fleet Boston Financial Corp., Fleet Bank, City of New York, Charles Gifford, Xiomara Leto, Kimberly Jenkins, Irvin Noak, Jane Does, John Does, Bank of America,

> *Defendants-Appellees*.

---

---

[*]Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

For Plaintiff-Appellant:        Marcia Rafter, *pro se*, Denver, CO.

For Fleet Boston
Defendants-Appellees:        Kathleen D. Foley, (Christine Gasser, *on the brief*) Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY.

For City Defendants-
Appellees:        Pamela Seider Dolgow (Dona B. Morris and Sumit Sud, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment and orders of the United States District Court for the Southern District of New York (Rakoff, *J.*; Fox, *Mag. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court are **AFFIRMED**.

Appellant Marcia Rafter, *pro se*, appeals from the district court's judgment, pursuant to a jury verdict, dismissing her complaint. Rafter also appeals from the district court's orders granting partial summary judgment against her, declining to impose sanctions on the defendants, and denying her post-judgment motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, or, in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rafter asserts various arguments that the district court improperly granted summary judgment against her. We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as of material fact such that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all

permissible inferences in favor of the non-moving party.  *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)).   After *de novo* review of the record on appeal, we find no error in the district court's denial of plaintiff's summary judgment motion and partial grant as to various aspects of the bank defendants' motion.

Likewise, we agree with the district court and the magistrate judge below that all claims against the city defendants, except for the section 1983 excessive force claim, were properly dismissed.  Even though the magistrate judge appeared to state in his analysis of the malicious prosecution claim that summary judgment was improper, we "may affirm on any basis for which there is sufficient support in the record, including grounds not relied on [by the district court]." *Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006) (per curiam).  A necessary element of a malicious prosecution claim under New York law is that the defendant lacked probable cause to commence a criminal proceeding.  *See Moore v. Guerra*, 947 N.Y.S.2d 342, 342 (2d Dep't 2012).  As the magistrate judge properly determined in a separate portion of his report and recommendation, the detective had probable cause to arrest Rafter.  Rafter's claim for malicious prosecution thus fails as a matter of law because she could not show that the prosecution was unsupported by probable cause.

Rafter also contends that the district court erred in instructing the jury on the elements of malicious prosecution.  We review *de novo* challenges to jury instructions, finding error only if "'the jury was misled about the correct legal standard or was otherwise inadequately informed of controlling law.'" *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 146 (2d Cir. 2010) (quoting *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 235 (2d Cir. 2006)).  Here, New York law requires,

3

in relevant part, that a plaintiff show a lack of "probable cause for the criminal proceeding" and "actual malice." *Moore*, 947 N.Y.S.2d at 342. The district court's instruction to the jury conveyed these principles in stating that the prosecution against Rafter must have been instigated by Fleet Boston's giving of false or misleading information to the authorities and that such conduct was undertaken with malice towards Rafter.

Rafter also challenges the district court's denial of a Rule 50 motion for judgment as a matter of law. We review *de novo* such denials, *United States v. Space Hunters, Inc.*, 429 F.3d 416, 428 (2d Cir. 2005), setting aside a jury verdict when here is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or . . . such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Id.* at 429 (quoting *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992) (internal quotation marks omitted). After an independent review of the record and relevant case law, we conclude that the district court properly denied Rafter's Rule 50 motion. The record contains ample evidence supporting the jury's verdict, and we accept the jury's determination here on issues of witness credibility.

For similar reasons, we are not persuaded by Rafter's arguments that the district court improperly denied her Rule 59 motion for a new trial. We review such denials for abuse of discretion. *See India.com, Inc. v. Dalal*, 412 F.3d 315, 320 (2d Cir. 2005). A district court abuses its discretion when its decision: (1) "rests on an error of law or a clearly erroneous factual finding"; or (2) "cannot be found within the range of permissible decisions." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (citation omitted). Furthermore, "[a]

4

motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 2007) (internal quotation marks and alterations omitted). For the reasons we have discussed, the district court's finding that the jury's verdict was neither in error nor a miscarriage of justice is well within its discretion.

Finally, Rafter argues on appeal that the defendants spoliated various pieces of evidence and challenges the district court's decision not to impose sanctions. We review such a decision for abuse of discretion, and the district court's factual findings in support of that decision for clear error. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010). Here, the magistrate judge denied Rafter's motions for Rule 11 sanctions because, each time she moved for sanctions, she failed to comply with Rule 11's requirement that the motion be "made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Rafter never sought to comply with Rule 11, as those requirements were pointed out in the magistrate judge's orders, by correcting the defects and filing a proper Rule 11 motion. Even if Rafter had properly moved for Rule 11 sanctions, however, a review of the record does not support Rafter's contention that the defendants spoliated evidence.

We have considered Rafter's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment and orders of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5