■ Jodee MacDonald, Respondent, v Town of Greenburgh et al., Defendants, and Dennis Basulto, Appellant. (Appeal No. 1.) Jodee MacDonald, Respondent, v Town of Greenburgh et al., Appellants. (Appeal No. 2.) [976 NYS2d 189]—

In an action, inter alia, to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983, the defendant Dennis Basulto appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Westchester County (Bellantoni, J.), entered February 3, 2012, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order of the same court, entered June 1, 2012, as, upon reargument, adhered to its original determination in the order entered February 3, 2012, and the defendants Town of Greenburgh and Town of Greenburgh Police Department appeal from the order entered June 1, 2012.

Ordered that the appeal by the defendants Town of Greenburgh and Town of Greenburgh Police Department from the order entered June 1, 2012, is dismissed as abandoned for failure to perfect the same in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c] [e]; and it is further,

Ordered that the appeal by the defendant Dennis Basulto from the order entered February 3, 2012, is dismissed, as that order was superseded by the order entered June 1, 2012, made upon reargument; and it is further,

Ordered that the order entered June 1, 2012, is affirmed insofar as appealed from by the defendant Dennis Basulto; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the defendant Dennis Basulto.

Probable cause to believe that a person committed a crime is a complete defense to claims of false arrest and malicious prosecution (*see Fortunato v City of New York*, 63 AD3d 880 [2009]). The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real

dispute as to the facts or the proper inferences to be drawn surrounding the arrest (*see Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 718 [2003]; *Orminski v Village of Lake Placid*, 268 AD2d 780 [2000]).

On his motion for summary judgment dismissing the complaint insofar as asserted against him, the defendant Dennis Basulto, a police officer, met his initial burden by demonstrating, prima facie, that he had probable cause to arrest the plaintiff (*see Carlton v Nassau County Police Dept.*, 306 AD2d 365 [2003]). However, in opposition, the plaintiff submitted, inter alia, her testimony at a General Municipal Law § 50-h hearing and her deposition testimony. The plaintiff's account of the subject incident giving rise to her arrest differed markedly from Basulto's, and raised a triable issue of fact as to whether Basulto had probable cause to arrest the plaintiff (*see Mohen v Stepanov*, 59 AD3d 502, 505 [2009]; *Lundgren v Margini*, 30 AD3d 476, 477 [2006]; *Malone v City of Glens Falls*, 251 AD2d 838, 840 [1998]). Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination denying those branches of Basulto's motion which were for summary judgment dismissing the causes of action alleging false arrest and malicious prosecution insofar as asserted against him. Similarly, as there is a triable issue of fact as to whether Basulto had probable cause to arrest the plaintiff, the Supreme Court, upon reargument, properly adhered to its prior determination denying that branch of his motion which was for summary judgment on the issue of qualified immunity (*see Diederich v Nyack Hosp.*, 49 AD3d 491, 493 [2008]).

Basulto's remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.