Liotta v County of Suffolk (2018 NY Slip Op 00284)





Liotta v County of Suffolk


2018 NY Slip Op 00284


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2015-11158
 (Index No. 9849/11)

[*1]James Liotta, appellant, 
v
County of Suffolk, et al., respondents.


Lieb at Law, P.C., Center Moriches, NY (Dennis C. Valet of counsel), for appellant.
Jared Kasschau, Acting County Attorney, Hauppauge, NY (James Squicciarini of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for false arrest and false imprisonment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated September 22, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for false arrest and false imprisonment after he was arrested for violating an order of protection that had been granted to his former wife. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
Probable cause to believe that a person committed a crime is a complete defense to claims of false arrest and false imprisonment (see MacDonald v Town of Greenburgh, 112 AD3d 586; Strange v County of Westchester, 29 AD3d 676). The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn surrounding the arrest (see MacDonald v Town of Greenburgh, 112 AD3d at 586-587). Generally, the "information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" (Carlton v Nassau County Police Dept, 306 AD2d 365, 366; see Nasca v Sgro, 130 AD3d 588, 589).
Here, the defendants established their prima facie entitlement to summary judgment dismissing the complaint. In support of their motion they submitted, among other things, a copy of an order of protection directing the plaintiff to stay away from his former wife, and a copy of the former wife's statement to the police, in which she stated that she called the 911 emergency number when she saw the plaintiff at one of their children's baseball games. They also submitted a copy of the deposition testimony of the police officer who responded to that 911 call, who testified that the former wife told him that the plaintiff "knew she would be at the field because she [was] the only one that would be bringing the child to the field," and that the plaintiff "showed up at the field," "star[ed] at her for several minutes," and did not leave until she picked up her phone and "mouthed that she was going to contact the police." This evidence was sufficient to establish that the police [*2]had probable cause to arrest the plaintiff for the crime of criminal contempt in the second degree (Penal Law § 215.50[3]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact (see Nasca v Sgro, 130 AD3d at 589-590; Dioguardi v City of New Rochelle, 179 AD2d 798, 799).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., CHAMBERS, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court