Braxton v City of New York (2019 NY Slip Op 09248)





Braxton v City of New York


2019 NY Slip Op 09248


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-04983
 (Index No. 10948/12)

[*1]Mitchel Braxton, appellant, 
v
City of New York, et al., respondents.


Law Offices of Wale Mosaku, P.C., Brooklyn, NY, for appellant.
Hughes Hubbard & Reed LLP, New York, NY (Kenneth M. Katz, Daniel H. Weiner, and Justin Ben-Asher of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated February 15, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for false arrest, false imprisonment, malicious prosecution, and related causes of action pursuant to 42 USC § 1983, following his arrest for possession of a weapon. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
Probable cause to believe that a person committed a crime is a complete defense to causes of action alleging false arrest and malicious prosecution (see MacDonald v Town of Greenburgh, 112 AD3d 586; Strange v County of Westchester, 29 AD3d 676). The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn surrounding the arrest (see MacDonald v Town of Greenburgh, 112 AD3d at 586-587). Here, the evidence submitted by the defendants in support of their motion established that the police received information that a firearm had been brought to a hospital room, which was under surveillance pursuant to an ongoing investigation of an alleged gang-related homicide. The defendant police officers responded to the hospital room and found a group of individuals, which included the plaintiff, visiting the occupant of that room. One of the individuals was holding a bag containing a firearm. The defendant police officers apprehended the individuals, including the plaintiff. Such evidence conclusively established that the police had probable cause to arrest the plaintiff for the crime of criminal possession of a weapon in the second degree (Penal Law § 265.03[1]; see People v Price, 14 AD3d 718). The defendants thus established their prima facie entitlement to summary judgment dismissing the causes of action to recover damages for false arrest, false imprisonment, and malicious prosecution, and the plaintiff failed to raise a triable issue of fact in opposition (see Gisondi v Town of Harrison, 72 [*2]NY2d 280, 285; Liotta v County of Suffolk, 157 AD3d 781, 782; MacDonald v Town of Greenburgh, 112 AD3d at 586).
We agree with the Supreme Court's determination to award summary judgment dismissing the cause of action alleging deprivation of the plaintiff's right to a fair trial, since, in opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the defendant police officers intentionally falsified information or fabricated evidence (see Bennett v Vidal, 267 F Supp 3d 487, 498 [SD NY]). Nor did the plaintiff raise a triable issue of fact to defeat summary judgment dismissing the causes of action alleging unlawful search and failure to intervene, as the circumstances presented to the police permitted a lawful search of the plaintiff (see Terry v Ohio, 392 US 1, 25-26; People v Benjamin, 51 NY2d 267, 271), and there was no evidence that the reliance of one police officer upon the information provided by another officer violated the plaintiff's statutory or constitutional rights (see Berg v Kelly, 897 F3d 99, 113 [2d Cir]; Martinez v Simonetti, 202 F3d 625, 634 [2d Cir]).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the determination of the Supreme Court to grant the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court